# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

FENTON MICHAEL TORREZ,

               Petitioner,

    v.

DONNIE YOUNGBLOOD,

               Respondent.

_____ /

1:12-cv-01626 MJS HC

FINDINGS AND RECOMMENDATION
REGARDING PETITION FOR WRIT OF
HABEAS CORPUS

(Doc. 1)

ORDER DIRECTING CLERK OF COURT
TO ASSIGN DISTRICT COURT JUDGE TO
THE PRESENT MATTER

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.    FACTUAL BACKGROUND

Petitioner is currently in the custody of the Bureau of Prisons (BOP). Petitioner was sentenced in the Eastern District of California to 48 months imprisonment and one year supervised release for violation of 21 U.S.C. §  843(b).

Petitioner asserts that his due process rights were violated when he was unable to have access to the law library and the courts, make copies, and  perform legal research.

## II.    APPLICABLE STANDARD OF HABEAS CORPUS REVIEW

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner's claims are proper under 28 U.S.C. § 2241 and not 28 U.S.C. § 2255 because they concern the manner, location, or conditions of the execution

-1-

1   of petitioner's sentence and not the fact of petitioner's conviction or sentence. See Tucker

2   v. Carlson, 925 F.2d 330, 331 (9th Cir. 1991) (stating that a challenge to the execution of

3   a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C.

4   § 2241"). Venue is proper in this District as Petitioner is challenging the execution of his

5   sentence at USP Atwater, which is within the Eastern District of California.

6   **A.     Failure to State Cognizable Claim**

7   The instant petition must be dismissed because it does not challenge the fact or

8   duration of Petitioner's confinement.

9   A federal court may only grant a petition for writ of habeas corpus if the petitioner

10   can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a).

11   A habeas corpus petition is the correct method for a prisoner to challenge the "legality or

12   duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*,

13   Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of

14   the Rules Governing Section 2254 Cases.

15   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method

16   for a prisoner to challenge the conditions of that confinement.   McCarthy v. Bronson, 500

17   U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory

18   Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

19   In the present case, Petitioner challenges the conditions of his confinement, not the

20   validity of his sentence. Petitioner asserts only that he has been denied access to the court

21   and the ability to prepare his legal documents. Relief, if granted for Petitioner's claims,

22   would not necessarily result in reducing or affecting the length of Petitioner's confinement.

23   As a result, he cannot pursue his grievances against prison officials by seeking a writ of

24   habeas corpus.

25   As it does not appear possible that the deficiencies identified herein can be cured

26   by amending the complaint, Petitioner is not entitled to leave to amend prior to dismissal

27   of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en

28   banc).

1    In an appropriate case a habeas petition may be construed as a Section 1983

2 complaint. Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418

3 (1971). Although the Court may construe a habeas petition as a civil rights action, it is not

4 required to do so. Since the time when the Wilwording case was decided there have been

5 significant changes in the law. For instance, the filing fee for a habeas petition is five

6 dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For civil

7 rights cases, however, the fee is now $350 and under the Prisoner Litigation Reform Act

8 the prisoner is required to pay it, even if granted in forma pauperis status, by way of

9 deductions from income to the prisoner's trust account. See 28 U.S.C. 1915(b)(1). A

10 prisoner who might be willing to file a habeas petition for which he or she would not have

11 to pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee

12 would be deducted from income to his or her prisoner account. Also, a civil rights complaint

13 which is dismissed as malicious, frivolous, or for failure to state a claim would count as a

14 "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

15    In view of these potential consequences for Petitioner if the petition were construed

16 as a civil rights complaint, it is recommended that  the case be DISMISSED without

17 prejudice to Petitioner to present the claims in a separately numbered civil rights complaint

18 pursuant to 42 U.S.C. § 1983, rather than a habeas petition. The Clerk of Court shall send

19 Petitioner a blank civil rights complaint form along with a copy of this Order.

20 **III.    RECOMMENDATION**

21    Based on the foregoing, it is HEREBY RECOMMENDED that the petition for writ of

22 habeas corpus be DISMISSED for failure to state a cognizable claim.

23    These Findings and Recommendations are submitted to the assigned United States

24 District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

25 304 of the Local Rules of Practice for the United States District Court, Eastern District of

26 California. Within thirty (30) days after being served with a copy, Petitioner may file written

27 objections with the Court. Such a document should be captioned "Objections to Magistrate

28 Judge's Findings and Recommendations. The Court will then review the Magistrate Judge's

1 ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file

2 objections within the specified time may waive the right to appeal the District Court's order.

3 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4

5 IT IS SO ORDERED.

6 Dated:    October 16, 2012                  /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28