1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7
8

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FENTON MICHAEL TORREZ, | 1:12-cv-01626 MJS HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | (Doc. 1) |
| DONNIE YOUNGBLOOD, | |
| Respondent. | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER |

9
10
11
12
13
14
15
16

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

17

## I.    FACTUAL BACKGROUND

18
19
20

Petitioner is currently in the custody of the Bureau of Prisons (BOP). Petitioner was sentenced in the Eastern District of California to 48 months imprisonment and one year supervised release for violation of 21 U.S.C. §  843(b).

21
22

Petitioner asserts that his due process rights were violated when he was unable to have access to the law library and the courts, make copies, and  perform legal research.

23

## II.    APPLICABLE STANDARD OF HABEAS CORPUS REVIEW

24
25
26
27
28

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner's claims are proper under 28 U.S.C. § 2241 and not 28 U.S.C. § 2255 because they concern the manner, location, or conditions of the execution

of petitioner's sentence and not the fact of petitioner's conviction or sentence. See Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1991) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"). Venue is proper in this District as Petitioner is challenging the execution of his sentence at USP Atwater, which is within the Eastern District of California.

### A.    Failure to State Cognizable Claim

The instant petition must be dismissed because it does not challenge the fact or duration of Petitioner's confinement.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.   McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);   Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In the present case, Petitioner challenges the conditions of his confinement, not the validity of his sentence. Petitioner asserts only that he has been denied access to the court and the ability to prepare his legal documents. Relief, if granted for Petitioner's claims, would not necessarily result in reducing or affecting the length of Petitioner's confinement. As a result, he cannot pursue his grievances against prison officials by seeking a writ of habeas corpus.

As it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Petitioner is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

In an appropriate case a habeas petition may be construed as a Section 1983 complaint. Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971). Although the Court may construe a habeas petition as a civil rights action, it is not required to do so. Since the time when the Wilwording case was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For civil rights cases, however, the fee is now $350 and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account. See 28 U.S.C. 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

In view of these potential consequences for Petitioner if the petition were construed as a civil rights complaint, it is recommended that  the case be DISMISSED without prejudice to Petitioner to present the claims in a separately numbered civil rights complaint pursuant to 42 U.S.C. § 1983, rather than a habeas petition. The Clerk of Court shall send Petitioner a blank civil rights complaint form along with a copy of this Order.

**III.    RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED for failure to state a cognizable claim.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. The Court will then review the Magistrate Judge's

1  ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file

2  objections within the specified time may waive the right to appeal the District Court's order.

3  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4

5  IT IS SO ORDERED.

6  Dated:    October 16, 2012                       /s/ *Michael J. Seng*

7                                                   UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28